cation from the CAT Fund for delay damages. Rather, Appellants filed a declaratory judgment action in the lower court against Dr. Krell, Main Line Ob/Gyn Associates, PIC Insurance Group, and the CAT Fund to determine their liability for post-judgment interest and delay damages.

The Court's decision in *Willet* does not provide a legal theory supporting the imposition of delay damages against the CAT Fund in the instant case, because Appellants have not and can not invoke the equitable theory of indemnification against the CAT Fund, which was not a party to the underlying medical malpractice action and has already paid its statutory limit of liability.[3] Therefore, in order to determine whether the CAT Fund is liable to Appellants for the delay damages imposed against the providers based upon its status as their secondary insurer, we must look to the Health Services Malpractice Act. The applicable provision of the Act states:

> There is hereby created a contingency fund for the purpose of paying all awards, judgments and settlements for loss or damages against a health care provider entitled to participate in the fund as a consequence of any claim for professional liability brought against such health care provider as a defendant ... to the extent such health care provider's share exceeds his basic coverage insurance in effect at the time of occurrence.... The limit of liability of the fund shall be $1,000,000 for each occurrence for each health care provider.

40 P.S. § 1301.701(d).

As stated above, Rule 238 delay damages become part of the jury's award against a liable defendant. Pa. R. Civ. P. 238. Thus, under Section 1301.701(d), the CAT Fund may be liable for delay damages that are part of an award against a provider

as a consequence of a claim for professional liability. However, Section 1301.701(d) also limits the fund's liability to $1,000,000 per provider. In this case, since the CAT Fund has paid its liability limits, it cannot be liable to Appellants for delay damages imposed against the providers that exceed the statutory cap. Accordingly, the order of the Commonwealth Court is affirmed.[4]

Justices CAPPY and SAYLOR concur in the result.

**Gregory C. DIXON, Respondent,**

v.

**CITY OF PITTSBURGH, Petitioner.**

Supreme Court of Pennsylvania.

April 13, 1999.

Virginia Spencer Scott, Jacqueline R. Morrow, Pittsburgh, for petitioner.

***ORDER***

PER CURIAM:

AND NOW, this 13th day of April 1999, the petition for allowance of appeal is GRANTED, limited to the issue of whether

---

3. To the extent *Willet* can be construed as potentially allowing delay damages against the CAT Fund under Rule 238, we clarify that the providers' action was based upon the theory of indemnity.

4. This decision has limited applicability due to legislative amendments to the Healthcare Services Malpractice Act. Effective November 26, 1996, delay damages applicable to the Fund's liability in a case shall be paid by the Fund and shall not be charged against the insured's annual aggregate limits. 40 P.S. § 1301.702(j). The basic insurance carrier or self-insurer shall be responsible for its proportionate share of delay damages. *Id.* These amendments, however, do not apply here.

compromise verdicts as to damages are valid under the comparative negligence statute.

■

Edward A. KREUTZER,
et al., Respondents,

v.

MONTEREY COUNTY HERALD
CO., f/k/a Pittsburgh Press
Co., Petitioner.

Supreme Court of Pennsylvania.

April 13, 1999.

John A. McCreary, Jr., Pittsburgh, Ernest E. Vargo, Cleveland, OH, for petitioner.

### ORDER

PER CURIAM:

AND NOW, this 13th day of April 1999, the petition for allowance of appeal is GRANTED.

■

John Robert KOONCE, Petitioner,

v.

PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.

Supreme Court of Pennsylvania.

April 14, 1999.

### ORDER

PER CURIAM:

AND NOW, this 14th day of April, 1999, the Petition for Allowance of Appeal is DENIED, the Petition for Allowance to Proceed In Forma Pauperis is GRANTED and the Motion For Appointment Of Counsel is DISMISSED AS MOOT pursuant to this Court's decision in *Rogers et al v. Pennsylvania Board of Probation and Parole*, —— Pa. ——, 724 A.2d 319 (1999).

■

Gene ALLEN and Deandre Moon,

v.

PENNSYLVANIA DEPARTMENT
OF CORRECTIONS.

Appeal of Gene Allen.

Supreme Court of Pennsylvania.

April 15, 1999.

